MOYNIHAN v. McKEON,

(City Court of New York, General Term. November 26, 1895.)

REVIEW ON APPEAL—JUDGMENT ON CONFLICTING EVIDENCE.

     A judgment based on conflicting evidence, fairly submitted, under proper charges, will not be disturbed on appeal.

Appeal from trial term.

Action by Daniel C. Moynihan against Matthew J. McKeon. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Tiernan & Halsey, for appellant.

Duffey & Kiernan, for respondent.

CONLAN, J. Appeal from a judgment in favor of the defendant, from an order denying a motion for a new trial. This action was brought on a promissory note against the maker and indorser. The answer of the maker admits the making of the note, and alleges as a defense that it was made without consideration, and for the accommodation of the plaintiff and the payee. The defendant, having the affirmative of the issue thus raised, offered proof tending to show that Smith, the payee, was at the time of making the note indebted to one Russell for a bill of lumber, and that the plaintiff had indorsed or guarantied the bill; that said Smith called on the maker, and stated to him that if he would make his promissory note at three months, payable to his order, he and the plaintiff would indorse it, and give it to Russell, who would accept it for the bill then falling due; that thereupon, and for the accommodation of the payee and the plaintiff, he made the note in suit; that the note so made was indorsed by the payee and the plaintiff, and delivered to Russell in payment of the lumber account; that, after the maturity of said note, it was taken up by the plaintiff; that the note was indorsed by the plaintiff with full knowledge of the purpose for which it was made. The testimony of the plaintiff was to the effect that he did not indorse or guaranty the bill of lumber sold to Smith, the payee; that the payee and maker of the note were doing business together, and that Smith represented to him that the note was business paper, and that he indorsed it for the accommodation of the payee, who transferred it thereupon to Russell; that, about a week after maturity, he paid the amount of the note to Russell, and received it in his possession. The questions of fact thus presented were fairly submitted to the jury, under proper instructions as to the law of the case, and we do not think the verdict should be disturbed.

Judgment affirmed, with costs. All concur.